UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA SHABA,

    Plaintiff,            CIV. NO. 13-10690

  v.                      HON. TERRENCE G. BERG

ALLSTATE INDEMNITY CO.,     HON. LAURIE J. MICHELSON

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION IN LIMINE (DKT. 26), GRANTING
DEFENDANT'S MOTION IN LIMINE (DKT. 29) AND
<u>DENYING DEFENDANT'S MOTION IN LIMINE (DKT. 30)</u>**

This case involves a claim for fire insurance proceeds. Plaintiff Rita Shaba ("Plaintiff") owns a rental property – 19385 Charest, Detroit, Michigan (the "Property") – that was damaged by a fire on November 24, 2012. Plaintiff's property was insured by Defendant Allstate Indemnity Company ("Defendant"). Following the fire, Plaintiff submitted an insurance claim to Defendant. Defendant denied Plaintiff's insurance claim, due to a suspicion that the fire was intentionally set by Plaintiff or by someone at Plaintiff's direction.

Plaintiff and Defendant have each moved in limine seeking to prevent the introduction of certain evidence; Defendant also moves to reverse the order of proofs at trial (Dkts. 26, 29 and 30). The Court heard oral argument on these motions on February 10, 2014. In brief, Plaintiff's motion seeks to prevent Defendant from introducing evidence at trial concerning other fire losses on five (5) other properties owned or managed by Plaintiff's brother (Robert Shaba) or sister (Rana Shaba). Defendant's first motion in limine (Dkt. 29) seeks to prohibit Plaintiff from introducing evidence concerning "Allstate's general dealings and/or handling of other insurance claims," "Allstate's alleged bias against the City of Detroit and/or [] Plaintiff's race or ethnicity and/or any direct or implied reference that Plaintiff's denial was racially or ethnically motivated," "Plaintiff's and/or her brother, Robert Shaba's lack of criminal prosecution for the November 24, 2011 fire," and "general or generic references to other fires or arson in the surrounding neighborhood and/or [the] City of Detroit." Defendant's second motion in limine (Dkt. 30) seeks to reverse the order of proofs at trial, and permit Defendant to lead the proofs and present rebuttal. Following oral argument, the Court ruled that Plaintiff's motion (Dkt. 26) was

denied, Defendant's first motion (Dkt. 29) was granted and Defendant's second motion (Dkt. 30) was denied.

Defendant's motions are adjudicated for the reasons stated on the record in open court. With regard to Defendant's first motion to exclude evidence concerning Defendant's general handling of other claims in the City of Detroit, or its alleged racial or ethnic bias in dealing with such claims, the Court finds that such evidence is not relevant, and is clearly more prejudicial than probative, and thus inadmissible under Fed. R. Evid. 403. Plaintiff does not allege that Defendant acted with racial or ethnic bias in this case. As to any evidence showing that Robert Shaba was not prosecuted for arson, the parties have agreed that this evidence is inadmissible under *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987).

As to Defendant's second motion (Dkt. 30), seeking to reverse the order of proofs and allow Defendant to proceed first with its defense, the Court has broad discretion to resolve this issue. Plaintiff retains the burden of proof on her breach of contract claim. Consequently, it is appropriate to allow Plaintiff to open and to rebut any defense that may be offered. Allowing Defendant to go first would increase the potential

for confusing the jury, presenting the case as if Plaintiff were the accused, being sued for committing arson. Maintaining the standard order of proofs will avoid this confusion and make it clear that the case is about Plaintiff's complaint that her insurance claim was not paid. The Court does not find that reversing the order of proofs at trial is appropriate in this matter. Defendant's request to lead the proofs at trial is denied. *See, e.g., Nissan v. State Farm Fire & Cas. Co.*, Case No. 11–13047, 2013 WL 4482957 *4 (E.D. Mich. Aug. 20, 2013).

The Court next turns to Plaintiff's motion in limine (Dkt. 26) to exclude evidence of other fire insurance claims.

## A. Plaintiff's Motion in Limine is Denied

As noted earlier, Plaintiff's motion seeks to prevent Defendant from introducing evidence at trial concerning other fire losses on properties owned or managed by Plaintiff's brother (Robert Shaba) or sister (Rana Shaba).

Plaintiff testified at her deposition that her brother "managed" the Property. Defendant contends that Plaintiff may be a "straw owner" of the Property, and that Mr. Shaba was the true owner.[1] Defendant also

---

[1] **Error! Main Document Only.**Specifically, Defendant proffered the following evidence in its response to Plaintiff's motion in limine (Dkt. 27): Robert Shaba reportedly located the Property for

4

proffered evidence indicating that Robert Shaba had three prior fire claims for rental properties in the City of Detroit in the five years preceding the loss at issue in this case, and that he was also involved in two prior fire insurance claims for rental properties purportedly owned by his sisters – one owned by Plaintiff, and the second owned by another sister, Rana Shaba. Defendant states that Robert Shaba acted as the property manager for these houses on his sisters' behalf. In brief, the other fires are:

1) December 31, 2006 fire loss of property located at 19192 Hershey, Detroit, Michigan. The property was owned and insured by Robert Shaba;

2) June 30, 2007 fire loss of property located at 19381 Havana, Detroit, Michigan. The property was owned and insured by Robert Shaba;

3) November 20, 2009 fire loss of property located at 19327 Hershey, Detroit, Michigan. The property was owned and insured by Robert Shaba;

---

purchase (Plaintiff's Deposition, Tr., p. 43:22-25, Dkt. 27, Ex. 2); Robert Shaba suggested to the Plaintiff that she purchase the Property (*Id.* at p. 44:1-5); Plaintiff had never been inside the Property (*Id.* at p. 45:13-17 – 46:5); Plaintiff could not describe the Property (*Id.* at p. 52:21-53:8; 56:8-16); Plaintiff was not involved in procuring the insurance policy but was merely "told by Robert Shaba where to sign" (*Id.* at p. 68:24 - 69:7); Robert Shaba located the tenants for the Property (*Id.* at p. 50:13-24); Plaintiff never met any of the tenants who occupied the insured premises (*Id.* at p. 73:17-18); Robert Shaba prepared the lease agreements (*Id.* at p. 77:24-28); Plaintiff could not describe any of the alleged improvements made at the Property or their costs (*Id.* at p. 54:17 - 55:22; 57:7-10); Plaintiff allowed her brother access to thousands of dollars she had hidden at their parent's home for the purpose of paying for improvements to the Property (*Id.* at p. 49:7-24; 56:3-7; 56:17-57; 57:7-60:25); and, Plaintiff testified that she relied entirely upon her brother to manage the Property as she "trusted him" (*Id.* at p. 45:13-17; 46:6-10; 48:14-17; 60:19-22).

4) January 14, 2011 fire loss of property located at 502 Colton, Detroit, Michigan. The property was owned by Plaintiff Rita Shaba and managed by Robert Shaba; and,

5) July 19, 2011 fire loss of property located at 20011 Hanna, Detroit, Michigan. The property was owned by Rana Shaba and managed by Robert Shaba.

Defendant seeks to introduce evidence concerning this prior fires, and attendant insurance claims, under Fed. R. Evid. 404(b) and under Michigan's "doctrine of chances." Rule 404 provides that prior-acts evidence, when relevant, is admissible unless it is offered to prove "the character of a person in order to show action in conformity therewith." The Rule includes a non-exhaustive list of those purposes for which prior-acts evidence may be admitted: "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

    The issue squarely presented in this case is whether the fire that damaged the property was an accident or whether it was set as part of a plan or scheme by Plaintiff – or her brother – to make fraudulent insurance claims. That Plaintiff's brother made or was involved in at least five prior fire claims, several of which were suspicious, is probative of whether the fire in this case was accidental or intentional.

6

Defendant also proffered evidence that Robert Shaba was the true-owner of the Property, and that Plaintiff may have been just a "straw-purchaser." The evidence proffered by Defendant about Robert Shaba's prior fires revealed some similarities. In particular, that each fire involved rental properties in the City of Detroit, and each fire occurred in close proximity to the eviction, or threatened eviction, of the tenants of those properties. Additionally, Defendant intends to introduce expert testimony that the prior fires were acts of arson or, as to one fire, of an undetermined cause, but raising some suspicions of arson.

Furthermore, prior-acts evidence in this case could be particularly relevant because of the doctrine of chances, recognized by Michigan courts. That doctrine posits that the more often an accidental or infrequent incident occurs, the more likely it is that its subsequent reoccurrence is not accidental or fortuitous. Where prior acts of apparent coincidence are similar, the repeated reoccurrence of such an act takes on increasing relevance to support the proposition that there is an absence of accident. *See, e.g., People v. Mardlin,* 487 Mich. 609 (2010) (evidence of prior fires admissible in arson prosecution, as they constituted a series of similar incidents – fires involving homes and

7

vehicles owned or managed by the defendant – the frequency of which objectively suggested that one or more of the fires was not caused by accident).

In sum, the Court finds that evidence concerning the prior fires is admissible under Fed. R. Evid. 404(b), to prove motive, intent, plan, absence of mistake or accident. *See, e.g., Hammann v. Hartford Acc. & Indem. Co.,* 620 F.2d 588, 589 (6th Cir. 1980); *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 614 (4th Cir. 1998). Defendant's explanation for why it denied Plaintiff's insurance claim is that it had reason to believe that Plaintiff and her brother were involved in an on-going scheme or plan to commit insurance fraud. Defendant seeks to offer the proof of the circumstances of the prior claims to show Plaintiff's motive, intent, plan, and the absence of any mistake or accident relating to this fire loss.

As stated on the record during the hearing on these motions, Defendant will, however, be required to make an offer of proof for each of the five prior fires, before any evidence concerning these fires will be allowed to be presented to the jury. The offer of proof will address the circumstances of the prior fire claim, and will articulate the permissible

purpose under Fed. R. Evid. 404(b) for which the evidence is being offered. Furthermore, the Court intends to give the jury a limiting instruction, advising that the jury may not consider evidence of the prior fires for impermissible purposes, specifically "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).

For the reasons set forth above, Plaintiff's motion in limine (Dkt. 26) is **DENIED**, Defendant's first motion in limine (Dkt. 29) is **GRANTED**, and Defendant's second motion in limine (Dkt. 30) is **DENIED**.

**SO ORDERED**.

                                                                 s/Terrence G. Berg
                                                                 TERRENCE G. BERG
                                                                 UNITED STATES DISTRICT JUDGE

Dated: February 14, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 14, 2014, using the CM/ECF system, which will send notification to each party.

                                                                  s/A. Chubb
                                                                  Case Manager